IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST GARCIA and TONI GARCIA,

    Plaintiffs,

  vs.                                                          No. CIV 98-0509 LH/JHG

UNITED STATES OF AMERICA, UNITED
STATES DEPARTMENT OF THE ARMY,
TOGO D. WEST, JR., Individually and in his
Official Capacity as Secretary of the Army,
THE CENTRAL INTELLIGENCE
AGENCY, GEORGE J. TENET, Individually
and in his Official Capacity as Director of the
Central Intelligence Agency, THE
DEPARTMENT OF DEFENSE, WILLIAM
S. COHEN, Individually and in his Official
Capacity as Secretary of the Department of
Defense, and DOES 1 THROUGH 100,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 15), filed December 22, 1998. The Court, having considered the pleadings submitted by the parties, and otherwise being fully advised, finds that the Defendants' Motion is well and will be **granted.** This action will be **dismissed with prejudice**.

### INTRODUCTION

Plaintiffs have claimed injuries arising from Plaintiff Ernest Garcia's service in the United States Army. The Defendants have moved to dismiss this case based upon Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction in this Court. The Plaintiffs' claims fall into four

categories. The first category covers Plaintiff's claims under the Federal Tort Claims Act, which the Defendants argue must be dismissed under the *Feres* doctrine. *See Feres v. United States*, 340 U.S. 135 (1950). The second category covers claims for the violation of constitutional rights that Defendant also argues are barred by *Feres*. *Id.* These claims are asserted pursuant to 42 U.S.C. §1983 and under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The third category relates to Plaintiff Toni Garcia's claim which is derivative of her husband's claims. The last category applies to Plaintiffs' allegations of "Crimes Against Humanity under the Law of Nations."

The Counts alleged by Plaintiff are made against individual Defendants as well as the United States Government and several of its agencies. As Defendants point out in a footnote to their Motion to Dismiss there are no factual allegations which allege that any of the named individuals were involved in any of the alleged torts. (*See* Mem. Supp. Mot. Dis. at 13 n.1.) Plaintiffs' Response does not dispute this assertion. It is the opinion of this Court that the individual Defendants are indistinguishable from the Government or the Governmental agencies complained against as the Complaint contains no factual allegations implicating the individual Defendants. The claims, therefore, will be treated as if they are only made against the United States and the individuals in their official capacity.

## ALLEGATIONS IN PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint describes a series of events that occurred from 1946 through 1996. Plaintiff Ernest Garcia was a member of the United States Army from 1946 to 1949. During that period he was stationed in several locations around the world where he alleges he was subjected to testing by the United States Army. Specifically, Mr. Garcia alleges that he was exposed to mustard

gas, lewisite[1], LSD, and radiation during his assignments. Mr. Garcia has alleged that these experiments have caused him numerous health problems. However, Mr. Garcia has not alleged that any of the injuries of which he complains have their origin anywhere other than during his service in the military. Furthermore, Plaintiff has alleged that all of his "medical conditions and problems were proximately caused by Defendants' unlawful, deceptive, intentional, willful and wanton experimentation and exposure of the Plaintiff to radiation, mustard gas, lewisite, experimental drugs and other pathogens." (See Pl.'s Compl. ¶ 49).

Toni Garcia has alleged a loss of consortium in Count Seven. As Ernest Garcia's wife, she claims loss of society, guidance, comfort, companionship, sexual relations, protection, services and support. This claim is derivative Mr. Garcia's claims.

## COUNTS I, II, IV-VI, VIII AND IX

Defendants' Motion to Dismiss seeks dismissal of Counts I, II, IV-VI, VIII, and IX by asserting that the Government and the individual Defendants are entitled to dismissal under the *Feres* doctrine. (*See* Def. Mem. Supp. Mot. Dis. at 3.) Defendants also argue that several of the claims are specifically excepted from the FTCA. Plaintiffs, in defense of their position, cite what they see as policy changes on the horizon in the Supreme Court to counter Defendants' position.

It is unnecessary for the Court to consider the Defendants' argument that several of the Counts in Plaintiffs' Complaint are excepted by the FTCA as all of the Counts listed above fall under the *Feres* doctrine. The *Feres* doctrine, announced by Justice Robert H. Jackson, holds that "the

---

[1] "A colorless to amber to dark brown liquid vesicant [an agent that causes blistering] that sometimes has an odor like that of geraniums, that is made by reaction of acetylene with arsenic tricholoride, and that was developed for use as a war gas but has never been so used." WEBSTERS' THIRD NEW INTERNATIONAL DICTIONARY 1301 (1993).

Government is not liable under the Federal Tort Claims Act (FTCA) for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. The Court stated the purpose of the FTCA was that the United States should be liable in the same manner as a private individual under like circumstances. *Id.* at 141. The Court found this purpose did not create any new methods to recovery, and furthermore, it knew of no prior law or precedent that would allow a soldier to recover against the military. "Its effect is to waive immunity from recognized causes of action and was not [intended] to visit the Government with novel and unprecedented liabilities." *Id*. at 142. Thus the FTCA, while allowing persons to recover where there was already a similar right to recovery between private individuals, did not create a right for a soldier to recover for injuries that occurred incident to service because there was no such similar right between individuals.

The critical element in deciding whether a plaintiff's claims should be barred by the *Feres* doctrine is whether the injuries complained of occurred incident to service. A clear illustration of what "incident to service" means can be found in *Labash v. United States Dept. of Army*, 668 F. 2d 1153 (10th Cir. 1982). "If a [serviceman] is on leave, or on inactive status at time of injury, or if the injury is not the product of a military relationship, suit under [Federal Tort Claims] Act may be allowed. On the other hand, when a serviceman on active duty sustains an injury stemming from the military relationship, the courts consistently have denied recovery under the Act." *Id.* at 1155 (quoting *Harten v. Coons*, 502 F. 2d 1363, 1365 (10th Cir. 1974)) . Thus, where the Plaintiffs' claims arise from injuries that had their origin in military service, the claim will be denied.

Few exceptions have been made to the *Feres* doctrine. Plaintiffs in their Response to Defendants' Motion to Dismiss raise two possible exceptions under which their claims could survive.

The first is on a theory that the tortious conduct actually occurred after Mr. Garcia's discharge. The second theory alleges negligence on the part of the government in failing to warn Mr. Garcia about newly discovered dangers concerning the agents to which he was exposed. Both are valid exceptions to the *Feres* doctrine, but are not relevant here.

Tortious conduct occurring after an individual has been discharged from the military will survive a *Feres* challenge if the Government committed an independent negligent act after discharge. In *United States v. Brown*, a serviceman received an injury to his left knee while on active duty. 348 U.S. 110 (1954). That injury led to his discharge. Several years later, during the course of an operation conducted by the Veterans Administration, a tourniquet was negligently applied to the knee causing serious and permanent injuries. While holding that the original injury did not survive a *Feres* challenge, the Court did allow the Plaintiff to proceed on injuries inflicted in the post-service operation. *Id.* at 113.

In contrast, *Bishop v. United States* demonstrates that where the harm is "one continuous tort" *Feres* will bar recovery. 574 F. Supp. 66 (D.D.C. 1983). In that case, a serviceman complained of injuries resulting from an Army drug experiment on him in 1963. That Court held that a serviceman cannot recover for injuries allegedly suffered after his service when they were in fact a continuation of physical and psychological injuries first noticed during his military service. *Id.* at 67. Therefore, unless an injury is claimed to be fully independent of military service it will be barred by *Feres*.

The instant case presents claims in Counts I, II, IV-VI, VIII, and IX which are barred by the *Feres* doctrine. All of these Counts have their origins in Mr. Garcia's service in the United States Army from 1946 to 1949. Plaintiffs' complaint does not allege that any of the tortious acts by the

Defendants happened at any time other than while Mr. Garcia was participating in his military service from 1946-1949. Thus, under the *Feres* doctrine the injuries complained of are incident to Plaintiff Ernest Garcia's military service and render this Court without the jurisdiction to hear them.

Plaintiffs, cognizant of *Feres*, argue that some or all of the injuries are post-discharge torts. However, none of the harms claimed are separate and distinct from Mr. Garcia's service in the military. Simply stated, all injuries are continuous from Mr. Garcia's service in the military. Thus, as the injuries complained of are "one continuous tort" the claims are barred by *Feres*. *See Bishop*, 574 F. Supp. at 67.

Plaintiffs' second theory alleged in their Response is that the Government is liable for Mr. Garcia's injuries based upon a failure to warn. This cause of action has been recognized only where the duty to warn arose subsequently to the soldier's service in the military. Furthermore, it has only been permitted where it is specifically plead. In *Maddick v. United States,* the Tenth Circuit noted that a duty to warn begins at the time the Government first becomes aware of the hazardous condition, and that the breach begins and ends at that time. 978 F. 2d 614, 616 (10th Cir. 1992). Thus, if the Government knows at the time of the experiment its dangerous and hazardous nature, then the duty to warn occurred incident to the victim's service in the military. However, if the hazardous nature is discovered subsequent to that service, then *Feres* would not bar the claim.

The failure to warn claim must be plead specifically. In *Thornwell v. United States,* the plaintiff was permitted to proceed concerning two counts that *specifically* alleged a failure to warn. 471 F. Supp. 344 (D.D.C. 1979). In that case, a serviceman was subjected to LSD experimentation during his service in the military. That court denied Mr. Thornwell from proceeding with counts which were based on injuries that occurred during his service. However, where the plaintiff alleged

-6-

that the defendants' concealment of the drugging and their failure to provide him with follow-up medical treatment violated his due process rights under the Fifth Amendment the plaintiff was permitted to proceed concerning those claims. *Id.* at 347. That court agreed that those counts survived a *Feres* challenge. Thus, where a plaintiff *specifically* charges a failure to warn after his service has ended, a court *may* find that the claim survives *Feres*.

Attempting to fit their claims within this narrow exception, Plaintiffs argue in their Response that the Government committed a separate tort by failing to warn Mr. Garcia of the harm to which he was exposed. However, Plaintiffs have not charged any specific Count that alleges the Government breached a duty to warn Mr. Garcia after his military service. Furthermore, Plaintiff's Complaint seems to indicate that the Government was aware of the dangers it was exposing Mr. Garcia to at the time the experiments occurred. If there were allegations to the contrary or specific Counts alleging a duty to warn Mr. Garcia after the termination of his service in the military, then there would be a question as to whether such counts would survive a *Feres* challenge in this Circuit. In *Maddick,* the Tenth Circuit took notice that some courts had embraced the rationale behind post-discharge torts, but did not decide the issue at that time. 978 F. 2d at 616. However, Plaintiffs' failure to allege a Count claiming a post-discharge accrued failure to warn renders their arguments moot at this time. Therefore, the *Feres* doctrine leaves this Court without the jurisdiction to hear Plaintiffs' Counts I, II, IV-VI, VIII, and IX.

### LOSS OF CONSORTIUM CLAIM BARRED BY *FERES*

Count VII of Plaintiffs' Complaint alleges a loss of consortium suffered by Toni Garcia. As this claim is derivative of Mr. Garcia's *Feres* barred claims it is also barred. In *Kendrick v. United States* the court held that a claim for loss of consortium was barred by *Feres*. 877 F. 2d 1201 (4th

Cir. 1989). That court, quoting *Lombard v. United States*, stated "It is well established that Feres bars recovery by family members where the cause of action is ancillary or derivative to the serviceman's action for his own injury received incident to military service."*Id* at 1207 (quoting *Lombard v. United States*, 690 F.2d at 223 (D.C.Cir.1982). This case presents an analogous situation. Mrs. Garcia's claims are based upon injuries suffered by her husband, injuries which Mr. Garcia is barred from pursuing by *Feres*. Therefore, Count VII, being derivative of Mr. Garcia's injuries incident to service, is barred.

### BIVENS CLAIMS ALSO BARRED BY *FERES*

Count III of Plaintiff's Complaint alleges multiple violations of Mr. Garcia's civil rights. The authority asserted for this cause of action is *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Count must be dismissed pursuant to *United States v. Stanley,* 483 U.S. 669 (1987 ). In that case, the Supreme Court held "that no *Bivens* remedy is available for injuries that arise out of or are in the course of activity incident to [military] service." *Id.* at 684. In reiterating this holding, the Tenth Circuit Court of Appeals simply stated "In *Stanley*, the Supreme Court held that the military enjoys an immunity to *Bivens* claims that is coextensive with its *Feres* immunity." *Maddick,* 978 F. 2d at 615. Thus, Plaintiffs' Count III asserting constitutional rights violations under the asserted authority of *Bivens* is also barred by *Feres.*

### CRIMES AGAINST HUMANITY UNDER THE LAW OF NATIONS

Plaintiffs' final count in their Complaint asserts the Defendants have committed crimes against humanity under the law of nations. The law concerning sovereign immunity is clear. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *See Department of the Army v. Blue Fox Inc.,* ___U.S.___ , 119 S. Ct. 687 (1999). Plaintiffs' complaint

does not allege that Congress has waived immunity regarding any crimes against humanity under the law of nations. Nor does Plaintiff cite any relevant case that would illustrate such a waiver. While it may be true that any treaty ratified by the United States becomes part of the supreme law of the land and that Federal courts enjoy jurisdiction over all matters arising under Federal law, this does not eliminate the requirement that Congress waive immunity and consent to suit. *See Coleman v. U.S. Bureau of Indian Affairs* 715 F.2d at 1161 (7th Cir. 1983). In this case, Congress has made no waiver of immunity for crimes against humanity under the law of nations. Thus, Count X must be dismissed as well, as the United States is immune from suit concerning the issues raised in Count X.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 15), filed December 22, 1998, is **granted.**

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice**.

_____
**UNITED STATES DISTRICT JUDGE**